UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-1680 DMG (MRWx) | Date | October 11, 2018 |
|---|---|---|---|
| Title | *United States of America v. Erica Boyle* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner(s) | Attorneys Present for Respondent(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE INTERVENORS' MOTION TO INTERVENE [11] AND MOTION TO STAY [12]**

**I.
PROCEDURAL BACKGROUND**

On May 23, 2018, the Court dismissed with prejudice Intervenors Robert C. Rains and Renee Rains' Petitions to Quash Summonses that the Internal Revenue Service ("IRS") issued to Todd Tillman, Erica Boyle, and Hugh Frederic Bergamo.  Order re Resp't's Mots. to Dismiss, *In re Robert C. Rains Petitions to Quash*, MC 17-74-DMG (MRWx) [Doc. # 45] [hereinafter May 23, 2018 Order].[1]  On July 20, 2018, Intervenors appealed that decision to the Ninth Circuit Court of Appeals.  Notice of Appeal, *In re Robert C. Rains Petitions to Quash*, MC 17-74-DMG (MRWx) [Doc. # 47].  That appeal is currently pending.  *See* Time Schedule Order, *In re Robert C. Rains Petitions to Quash*, MC 17-74-DMG (MRWx) [Doc. # 48].

On August 10, 2018, Petitioner United States of America filed a Petition to enforce the summons issued to Respondent Boyle.  [Doc. # 1.]  On August 21, 2018, the Court issued an Order to Show Cause why the IRS's summons should not be enforced.  [Doc. # 9.]  Respondent Boyle later filed a Response to the OSC, wherein she did not oppose the relief sought by Petitioner.  [Doc. # 13.]

On September 11, 2018, Intervenors filed the instant motions to intervene and stay the case pending their appeal.  [Doc. ## 11, 12.]  The motions have since been fully briefed.  [Doc. ## 16, 17, 20, 21.]  The Court deems these matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons discussed herein, the Court **GRANTS** the motion to intervene and **DENIES** the motion to stay.

---

[1] This Order incorporates by reference the procedural and factual background provided in the May 23, 2018 Order.  *See* May 23, 2018 Order at 1–3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-1680 DMG (MRWx) | Date | October 11, 2018 |
|---|---|---|---|
| Title | *United States of America v. Erica Boyle* | Page | 2 of 4 |

## II.
## MOTION TO INTERVENE

Federal Rule of Civil Procedure 24(a)(1) provides that "[o]n timely motion, the court must permit anyone to intervene who: . . . is given an unconditional right to intervene by federal statute . . . ." One such statute is 26 U.S.C. section 7609(b)(1), which provides that, "[n]otwithstanding any other law or rule of law, any person who is entitled to notice of a summons under [Section 7609(a)] shall have the right to intervene in any proceeding with respect to the enforcement of such summons under [S]ection 7604." Intervenors were entitled to notice under Section 7609(a) because the summons concerned their tax liability, *see* 26 U.S.C. § 7609(a)(1); Lund Decl., Ex. 1 at 2 [Doc. # 1-2],[2] and the Petition invokes the Court's jurisdiction under 26 U.S.C. section 7604(a), *see* Pet. at ¶ 1 [Doc. # 1]. Accordingly, the text of Section 7609(b) explicitly confers the right to intervene upon Intervenors.

Petitioner argues that "[t]he text and legislative history of Section 7609" demonstrate that Congress did not intend to "allow a taxpayer who unsuccessfully challenged the validity of a summons through a petition to quash to have the right to intervene in a subsequent enforcement action addressing the same summons." *See* Opp'n re Mot. to Intervene at 3–6. In particular, Petitioner contends that "the literal application of [the] statute will produce a result demonstrably at odds with the intentions of its drafters[,]" given that Congress removed a provision that allowed intervenors to demand a stay as a matter of right and replaced it with the motion to quash procedure. *See* Opp'n re Mot. to Intervene at 4–6 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)). Ordinarily, a court may not consider an unambiguous statute's legislative history. *See Avendano-Ramirez v. Ashcroft*, 365 F.3d 813, 816 (9th Cir. 2004) ("Canons of statutory construction dictate that if the language of the statute is clear, we look no further than that language in determining the statute's meaning. Therefore, we look[] to legislative history only if the statute is unclear." (alteration in original) (quoting *Ore. Nat. Res. Council, Inc. v. Kantor*, 99 F.3d 334, 339 (9th Cir. 1996)). Nonetheless, assuming *arguendo* that the Court may consider Petitioner's evidence that Congress intended to prevent intervenors from unduly delaying enforcement proceedings, applying the plain terms of Section 7609(b)(1) is not "demonstrably at odds" with that intention. Intervenors' motion to stay tacitly acknowledges that even if they are permitted to intervene, the Court may exercise its discretion to deny their request to stay the action. *See* Mot. to Stay at 12 ("Movants respectfully request that the Court stay this case, and any enforcement of the IRS summons, pending the determination of the related case on appeal."); *see also infra* Part III.

Petitioner further contends that claim and issue preclusion bar Intervenors from asserting any defenses to the IRS's enforcement of the summons. *See* Opp'n re Mot. to Intervene at 6–9. Ultimately, one or both doctrines may very well terminate Intervenors' defenses. Yet, Petitioner

---

[2] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-1680 DMG (MRWx) | Date | October 11, 2018 |
|---|---|---|---|
| Title | *United States of America v. Erica Boyle* | Page | 3 of 4 |

cites no authority for the proposition that Rule 24(a)(1) or Section 7609(b)(1) contain a futility exception to their unconditional right to intervene, and it is not apparent that any such exception exists. The Court therefore **GRANTS** the motion to intervene.[3]

### III.
### MOTION TO STAY

The decision to stay an action pending an appeal lies within the district court's sound discretion. *See Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011). When determining whether to issue a stay, courts consider the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 964 (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

Intervenors concede that the Court already rejected the arguments that they raise in connection with the likelihood of success factor. *See* Mot. to Stay at 6 n.1; May 23, 2018 Order at 4–8. With the exception of the Court's conclusion that the IRS did not violate 26 U.S.C. section 7605(b)'s one-inspection limitation, the Court's May 23, 2018 Order is comprised of essentially factual determinations (*e.g.*, Petitioner made a *prima facie* showing of good faith). *See* May 23, 2018 Order at 3–8. Accordingly, most of the decision will be reviewed for clear error. *See United States v. Blackman*, 72 F.3d 1418, 1422 (9th Cir. 1995) ("We review for clear error the district court's ruling that the IRS has met the requirements for enforcement of its summons."); *United States v. Lee, Goddard & Duffy, LLP*, 553 F. Supp. 2d 1164, 1167–68 (C.D. Cal. 2008) (concluding that the bad faith and improper purpose inquiries were subject to the clear error standard of appellate review because they were factual determinations).[4] Thus, Intervenors' chances of prevailing on appeal are slim.

Similarly, for the reasons provided in the Court's May 23, 2018 Order, the Court rejects Intervenors' assertion that the summons constitutes harassment. *See* Mot. to Stay at 8–10;

---

[3] Nothing herein precludes Petitioner from challenging Intervenors' defenses after they file their answer. *See, e.g.*, Fed. R. Civ. P. 12(f)(2) (providing that a party may move to strike a defense within 21 days after being served with the answer); Fed. R. Civ. P. 12(c) (providing that a party may move for judgment on the pleadings after the answer has been filed).

[4] Although the Ninth Circuit will conduct a *de novo* review of the Court's conclusion that the Corporate and Individual Audits did not violate the one-inspection rule, it is unlikely that the panel will reverse that aspect of the May 23, 2018 Order. *See Curtis v. Comm'r of Internal Revenue*, 84 T.C. 1349, 1353 (1985) (collecting cases) ("[C]ourts have uniformly refused to extend the protection of section 7605(b) to a shareholder in situations involving an inspection of the books of a corporation.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 18-1680 DMG (MRWx) | Date | October 11, 2018 |
| Title | United States of America v. Erica Boyle | Page | 4 of 4 |

May 23, 2018 Order at 4–8. Their privacy concerns are of minimal weight because, "[a]lthough such investigations unquestionably involve[] some invasion of privacy, they are essential to our self-reporting system, and the alternatives could well involve far less agreeable invasions of house, business and records." *Lee*, 553 F. Supp. 2d at 1168 (quoting *United States v. Bisceglia*, 420 U.S. 141, 145–46 (2008)). Further, Intervenors concede that if the Ninth Circuit ultimately disagrees with this Court's decision, it can mitigate Intervenors' harm by ordering the destruction of any notes taken during the IRS's interview with Boyle. *See* Mot. to Stay at 10.

Neither of the two remaining factors (which overlap substantially) weigh in favor of a stay. Even if Petitioner is responsible for failing to promptly investigate whether Intervenors committed civil fraud, staying this action will undoubtedly substantially delay the investigation even further. *See, e.g.*, U.S. Court of Appeals Summary—12 Month Period Ending June 30, 2018, *available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appsumary0630.2018.pdf (reporting that the median time from filing the notice of appeal to appellate disposition in the Ninth Circuit is 12.2 months). "As more delay occurs, witnesses may die, leave the country, or otherwise become unavailable for interview, memories will fade, and documents may no longer exist." *Lee*, 553 F. Supp. 2d at 1169. Such delay would also impinge on Petitioner's strong interest in "assess[ing] and collect[ing] taxes as expeditiously as possible with a minimum of preenforcement judicial interference[.]"[5] *See Confederated Tribes & Bands of the Yakama Indian Nation v. Alcohol & Tobacco Tax & Trade Bureau*, 843 F.3d 810, 812 (9th Cir. 2016) (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 812 (1974)). Additionally, denying Intervenors' motion would not harm the public's interest in "ensuring that taxpayers have a full opportunity to prove an improper purpose on behalf of the IRS" because they already had that opportunity in the prior action. *See* Mot. to Stay at 11.

As the irreparable harm factor weighs only marginally in Intervenors' favor and the remaining factors counsel against their request, the Court **DENIES** their motion to stay the action.

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Intervenors' motion to intervene and **DENIES** their motion to stay. Within **three (3) days** of the date of this Order, Intervenors shall refile the answer found in Docket Entry No. 11-1. Within **twenty-one (21) days** thereafter, Petitioner shall file its response to the answer or a joint status report regarding the parties' proposed next steps for this action. The October 12, 2018 hearing is **VACATED**.

**IT IS SO ORDERED.**

---

[5] Intervenors claim that a stay would not harm this interest because Petitioner intends to invoke the fraud exception to the statute of limitations. *See* Mot. to Stay at 11. This argument ignores the fact that the public has an interest in the *expeditious* collection of taxes.

| | | |
|---|---|---|
| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk KT |